UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JEFFREY J. DONTIGNEY          :
                              :         PRISONER
     v.                       :    Case No. 3:05cv1617(WWE)
                              :
COMMISSIONER OF CORRECTION, et al.:

MEMORANDUM OF DECISION

Plaintiff Jeffrey J. Dontigney ("Dontigney"), an inmate confined at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  He names as defendants the Commissioner of Correction, the Chief Clerk of the Rockville Superior Court, Connecticut Superior Court Judge Gary White, Connecticut Attorney General Richard Blumenthal, United States District Court Judge Janet Bond Arterton, Clerk of the Connecticut Appellate Court, Connecticut Public Defender Tammy Pizzack, and Attorney Proly D. Das.  Dontigney asks this court to issue a writ of mandamus against several of the defendants to require them to hear his petitions for writ habeas corpus in state and federal court.  Dontigney assumes that if the petitions are heard, he will be granted release from custody.  For the reasons that follow, the petition should be dismissed.

I.   <u>Standard of Review</u>

Dontigney has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed <u>in forma pauperis</u> in this action.  The district court is required to screen all cases filed <u>in forma pauperis</u> and dismiss any case that is frivolous or fails to state a claim upon which relief may be granted.  <u>See</u> 28 U.S.C. § 1915 (e)(2)(B)(i) - (iii).  In conducting its review, the court accepts plaintiff's factual allegations as true and draws all inferences in plaintiff's favor.  <u>See</u> <u>Cruz v. Gomez</u>, 202 F.3d 593, 596 (2d Cir. 2000).  If the court determines that plaintiff can prove no set of facts that would entitle him to relief, dismissal is appropriate.  <u>See</u> <u>id.</u> at 597.  In addition, the court permits a <u>pro se</u> plaintiff to amend his complaint unless the court concludes that an amended complaint could not possibly state a cognizable claim.  <u>See</u> <u>Gomez v. USAA Federal Savings Bank</u>, 171 F.3d 794, 796 (2d Cir. 1999).

In order to state a claim for relief under section 1983 of the Civil Rights Act, Hawkins must satisfy a two-part test.  First, he must allege facts demonstrating that defendant acted under color of state law.  Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right.  <u>See</u> <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 930 (1982); <u>Washington v. James</u>, 782 F.2d 1134, 1138 (2d Cir. 1986).

2

II.  <u>Factual Allegations</u>

The following procedural history is summarized by the Connecticut Appellate Court:  In 1989, after a trial in state court, Dontigney was convicted of murder and sentenced to a term of imprisonment of thirty-three years.  His conviction was affirmed on direct appeal.  Dontigney filed a petition for writ of habeas corpus in state court on the grounds that he was afforded ineffective assistance of trial and appellate counsel.  He argued that trial counsel was ineffective for failing to permit Dontigney to testify at trial and failing to obtain an expert witness.  The state habeas petition was denied initially and on appeal.  <u>See</u> <u>Dontigney v. Commissioner of Correction</u>, 87 Conn. App. 681, 682-82, 867 A.2d 93, 95 (2005).

In 1996, Dontigney filed a petition for writ of habeas corpus in federal court.  The court determined that Dontigney had not exhausted his state court remedies with regard to all claims included in the petition and dismissed the petition without prejudice to his filing a new federal habeas action after he exhausted his state court remedies.  <u>See</u> <u>Dontigney v. Armstrong</u>, No. 3:06cv2308(JBA) (D. Conn. Sept. 30, 1998).

In 2003, Dontigney filed another state habeas petition[1] on the ground that he was afforded ineffective assistance of counsel

---

[1]Dontigney has filed many cases in state court.  The court cannot determine whether any of these cases also were petitions for writ of habeas corpus challenging his conviction.

at trial and at his first state habeas hearing.  The Connecticut Appellate Court affirmed the denial of the petition with regard to assistance of counsel at trial and remanded for further proceedings on the claim of ineffective assistance of counsel at the first habeas hearing.  See Dontigney v. Commissioner of Correction, 87 Conn. App. at 686, 867 A.2d at 97.

III. Discussion

Dontigney seeks a writ of mandamus seeking action in state court on the remand and in federal court on his 1996 habeas petition.  Pursuant to Federal Rule of Civil Procedure 81(b), the writ of mandamus has been abolished in the federal district courts.  See In re Cheney, 406 F.3d 723, 728-29 (D.C. Cir. 2005).  The rule, however, permits litigants to seek relief formerly available by petition for writ of mandamus through other actions permisssible under the Federal Rules of Civil Procedure, such as an action pursuant to 28 U.S.C. § 1361.  In considering such other actions, the court applies the principles governing petitions for writ of mandamus.  See Sanchez-Espinoza v. Reagan, 770 F.2d 202, 207 n.7 (D.C. Cir. 1985) (Scalia, J.).  Thus, relief may be granted only where, prior to the adoption of Rule 81(b), mandamus would have been permissible.  See Petrowski v. Nutt, 161 F.2d 938 (9th Cir. 1947), cert. denied, 333 U.S. 842 (1948).

Mandamus is an extraordinary remedy which requires

4

compelling circumstances. See United States v. Helmsley, 866 F.2d 19, 22 (2d Cir.), cert. denied, 490 U.S. 1004 (1989). Under section 1361, district courts have jurisdiction to compel United States officials to perform their duties. Such an action in the nature of mandamus is an appropriate vehicles for a prisoner to seek enforcement of constitutional and statutory duties owed to him by federal officials. However, neither section 1361 nor the mandamus statute authorize an action to compel a state or state officials to perform a particular duty. See Robinson v. People of the State of Illinois, 752 F. Supp. 248 (N.D. Ill. 1990) (finding that federal mandamus statute does not apply to actions against the state itself); Morrison v. Florida, No. 8:05CV2351T30TGW, 2006 WL 47284, at *1 (M.D. Fla. Jan. 6, 2006) (holding that section 1361 does not authorize mandamus relief against state or state agencies).

In addition, mandamus relief through section 1361 has been applied only to employees or officials of the executive branch. See Liberation News Serv. v. Eastland, 426 F.2d 1379, 1384 (2d Cir. 1970). Thus, Dontigney cannot obtain mandamus relief in the district court against defendant Judge Arterton, a member of the federal judiciary.

Although Dontigney refers to release from custody in his request for relief, the court notes that he has filed a new habeas action. Thus, the court need not construe this action as

5

a petition for writ of habeas corpus.

IV. <u>Conclusion</u>

The petition is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as lacking an arguable legal basis.  The court concludes that any appeal of this order would not be taken in good faith.

**SO ORDERED** this 24th day of January, 2006, at Bridgeport, Connecticut.

/s/
_____
Warren W. Eginton
Senior United States District Judge